UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTEGRATED DESIGN AND ELECTRONICS : 
    ACADEMY PUBLIC CHARTER SCHOOL : 
1027 45TH Street, N.E. : 
Washington, D.C. 20019 : 
 : 
    Plaintiff : 
 : 
    v. :   CIVIL ACTION NO.
 : 
BRIGITTE BARNES, : 
as next friend mother of the minor child, : 
O.B. : 
and : 
O.B., individually : 
2300 Good Hope Road, SE #2 : 
Washington, D.C. 20020 : 
 : 
Serve : 
 : 
Brigitte Barnes : 
2300 Good Hope Road, SE #2 : 
Washington, D.C. 20020 : 
 : 
**Defendants** : 

COMPLAINT

JURISDICTION

1. Plaintiff brings this Complaint seeking relief from an adverse decision regarding the provision of a free appropriate public education, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C.§§ 1400 *et seq*. This Court has jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1343; and pendant jurisdiction pursuant to 5 D.C.Mun. Regs.§§ 3000 *et seq*. Declaratory relief is authorized by 28 U.S.C.§§ 2201 and 2202.

2. Plaintiff, Integrated Design and Electronics Academy Public Charter School (IDEA PCS) is a District of Columbia Public Charter School which has elected to be its own local education agency (LEA) under IDEIA, for special education issues.

3. Defendant and her minor child are currently residents of the District of Columbia and claimed residency in the District of Columbia for all of the time during the underlying administrative proceedings.

## FACTS

4. O.B.. is a sixteen year-old student who at the initiation of the administrative proceedings attended IDEA PCS from January 2005 until March 2006.

5. On 8 June 2005, defendants, through counsel requested the student's academic records.

6. On 29 June 2005, plaintiff responded to the request by remitting a letter to the counsel indicating to defendants that IDEA PCS would schedule a time for the defendants to review the documents and make copies available at a reasonable cost.

7. In September 2005, plaintiff met with the mother and requested the right to test the student, however the mother declined.

8. On 30 December 2005[1], defendants filed a Due Process Complaint Notice alleging among other things:

   A. Whether DCPS and IDEA PCS denied Omar a Free Appropriate Public Education (FAPE) when it failed to comply with the "Child Find" statute of the IDEIA?

   B. Whether DCPS & IDEA PCS denied Omar FAPE when it failed to provide

---

[1]Although the counsel for defendants signed the Complaint on 30 December 2005, he did not serve the document until 25 January 2006

counsel for parent with the student's cumulative files.

    C.    Whether DCPS & IDEA PCS denied Omar FAPE when it failed to evaluate Omar in all areal of his suspected disability?

    D.    Whether DCPS and IDEA PCS denied Omar FAPE when it failed to provide him with an appropriate placement?

    E.    Whether DCPS & IDEA PCS denied Omar FAPE when it failed to provide him with the needed compensatory education for the past and present denial of FAPE i.e., for the past 2 to 3 years.

9. On 1 February 2006, plaintiff filed a Motion to Dismiss because the defendants did not name a party in the Complaint.

10. On 16 February 2006, Hearing Officer David Smith ruled on the Motion to Dismiss and granted the dismissal without prejudice.

11. On 15 March 2006, defendants withdrew the student from IDEA PCS.

12. On 16 March 2006, defendants produced the Disclosure of Witnesses and Documents.

13. On 22 March 2006, defendants filed a Motion to Reconsider the 16 February 2006 dismissal.

14. On 27 March 2006, Hearing Officer denied the reconsideration.

15. On 3 May 2006, defendants refiled the Complaint, alleging the same violations as in the 30 December 2005 Complaint.

16. After numerous attempts to convene a resolution meeting, the defendants finally agreed to meet on 12 July 2006.

17. At the resolution meeting, plaintiff offered to provide access to the documents and

convene a meeting to discuss what, if any evaluations the student needed, however the defendants refused the offer.

18. On 22 August 2006, the District of Columbia Public Schools convened an impartial due process hearing.

19. Testimony from IDEA PCS personnel indicated the mother requested special education testing, in fact, the testimony revealed that the parent refused testing when the school asked permission to test O.B.

20. Testimony of Col. William Dexter revealed he had not received a correspondence directed to him, which purported to give IDEA PCS consent to test O.B. Evidence showed that the 14 November 2005 document was sent by facsimile to IDEA PCS on 30 November 2005.

21. Testimony and evidence revealed there were no indications of academic failings to suspect a disability.

22. Testimony and evidence revealed IDEA PCS offered to make O.B.'s records available.

23. On 5 September 2006[2] DCPS issued a Hearing Officer's Decision (HOD) which found in part for IDEA PCS and in part for O.B.

24. The hearing officer found that IDEA PCS met their burden as to providing the academic records to the parent and as to denying to identify O.B. as a student with a disability or child find. *See*, HOD at 5 & 6.

25. The hearing officer found that IDEA PCS did not meet their burden on the issue of

---

[2] The Hearing Officer signed the decision on 1 September 2006 and the issue date is 6 September 2006, however the decision was sent by facsimile on 5 September 2006.

evaluating a student once a parent gives consent to evaluate.

26. The hearing concluded that IDEA PCS had 120 days from the date the consent to evaluate form was sent to IDEA PCS, 30 November 2006, which would make the deadline, 30 March 2006.

27. The hearing officer concedes that the student withdraw from the school prior to IDEA PCS having had the opportunity evaluate and determine eligibility, however, the hearing officer concluded that "IDEA was not prepared to conduct an eligibility determination of the student 120[3] days following the request, regardless of the student's continued attendance." HOD at 7

28. The hearing officer then ordered IDEA PCS to fund independent psycho-education, speech/language and social history.

## COUNT I

29. Plaintiff repeats and realleges paragraphs 1 - 28.

30. Hearing Officer Ruff erred in finding that the signed consent for evaluation started the timeline for testing. IDEIA lays out procedures prescribing requirements for LEA's prior to evaluating a student suspected of disabilities. Under 34 C.F.R. §300.305 the LEA is required,

> As part of an initial evaluation ..the IEP Team and other qualified professionals, as appropriate, must --
> (1) Review existing evaluation data on the child, including --
>     (i)   Evaluations and information provided by the parents of the child;
>     (ii)  Current classroom-based, local, or State assessments, and classroom-based observations; and
>     (iii) Observations by teachers and related services providers; and

---

[3]Although IDEIA under 34 C.F.R. §300.301(c) prescribes 60 days for evaluations, it also allows the state to establish their own timelines. In the District of Columbia the timeline is 120 days.

5

(2) On the basis of that review, and input from the child's parents, identify what additional data, if any, are needed.

The parent signing a consent form without that process not only short circuits the process but short changes the child. The hearing officer erred when he disregarded the procedural safeguards.

## COUNT II

31. Plaintiff repeats and realleges paragraphs 1 - 30

32. Hearing Officer Ruff erred in when he found there was no basis for child find but found that equity warrants independent assessments.

## COUNT III

33. Plaintiff repeats and realleges paragraphs 1 - 32.

34. Hearing Officer Ruff erred in when he concluded that because the process "was not promptly initiated and IDEA was not prepared to conduct an eligibility determination of the student following the request, regardless of the students continued attendance, the student was denied FAPE." HOD at 7. That conclusion is contrary to IDEIA. Under 34 C.F.R. §300.301(d)(2) "The timeframe ...of this section does not apply to a public agency if a child enrolls in a school of another public agency after the relevant timeframe in (c)(1) of this section has begun, and prior to a determination by the child's previous public agency as to whether the child is a child with a disability under §300.8." The parent voluntarily remove OB from IDEA PCS, a LEA and placed OB in another LEA, therefore voiding the timelines.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a judgment for Plaintiff and against Defendants on all aforementioned counts;

2. Order that the 1 September 2006, Hearing Officer's Decision be reversed, finding no denial of a free, appropriate, public education by IDEA PCS.

3. Order an award of attorneys fees and costs to Plaintiff; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

William E. Houston, Esq.
D.C. Bar No. 450223
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300(O)
(703) 739-2323 (F)

(In the Matter of OB   DOB 5/24/90   HOD: September 1, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of O███ B███ ) <br> Date of Birth: ███████ ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> District of Columbia Public Schools ) <br> ("DCPS" or "District") ) <br> Attending School: IDEA PCS) <br> Respondent. ) | **IMPARTIAL DUE PROCESS** <br><br> **HEARING OFFICER'S DECISION** <br><br> Hearing Date: August 22, 2006 <br><br> Held at: 825 North Capitol St. NE <br> Washington, DC |

| | |
|---|---|
| Counsel for Student: | Tamika Jones, Esq. <br> 1003 K Street NW #565 <br> Washington, DC 20001 |
| Counsel for IDEA PCS: | William Houston, Esq. <br> 1008 Pendleton Street <br> Alexandria, VA 22314 |
| Counsel for DCPS | Office of General Counsel <br> 825 North Capitol St. NE <br> Washington, DC 20002 |

## JURISDICATION:

A Due Process Hearing was convened on August 22, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

1



(In the Matter of OB   DOB 5/24/90   HOD: September 1, 2006)

A motion to dismiss was granted prior to the hearing which dismissed the DCPS as a party in this matter. There was no objection raised by the parent's counsel or IDEA PCS counsel as to dismissal of DCPS as a party.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (OB 1-19 and IDEAPCS 1-14) which were admitted into the record.[1]

## FINDINGS OF FACT:

1. The student is currently age sixteen. He has not been determined to be eligible for special education services. The student attended IDEA Public Charter School (IDEA) during school year (SY) 2005-06. The student arrived at IDEA in January 2005 in the ninth grade and left in March 2006 in the tenth grade. Prior to attending IDEA the student attended Hyde Public Charter School (Hyde). (Parent's testimony, OB 7)

2. On June 8, 2005, the parent's counsel[2] faxed a letter to IDEA requesting a copy of the student's academic records, including among other things, his cumulative file, special education files, disciplinary files and report cards for the past three school years. (OB 11)

3. Ms. Portia Deal, IDEA's special education coordinator, sent a response by letter dated June 29, 2005, indicating that IDEA would make the student's records available for inspection during the school's business hours. She indicated that if parent's counsel desired copies of the records up to ten pages would be provided free of charge and a copy of the entire file could be provided at a charge of ten cents per page. (Ms. Deal's testimony, IDEA 12, OB 11)

4. By letter dated July 5, 2005, parent's counsel acknowledged receipt of the IDEA's response and indicated that IDEIA permits the parent to have access to the student's records at no charge and again requested copies of the student's records. (OB 15)

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[2] The letters sent to IDEA may have been sent from different individuals at the law firm representing the parent; regardless, the letters are simply referenced in this decision as having been sent by parent's counsel.

2

(In the Matter of OB  DOB 5/24/90  HOD: September 1, 2006)

5. By letter date August 1, 2005, parent's counsel again requested the copies of the student's records and indicated that if the records were not received shortly thereafter counsel would "proceed accordingly." (OB 12)

6. On September 8, 2006, Ms. Deal met the parent when the parent came to the school. Ms. Deal indicated to the parent that she had been attempting to reach the parent as a result of requests made for the student's records. Ms. Deal inquired of the student's previous school to determine if the student had any special education records. She was informed by Hyde the student had not been a special education student. (Ms. Deal's testimony)

7. When she met Ms. Deal in September 2005 the parent requested the student be evaluated for special education services. Ms. Deal indicated to the parent that she did not know that there was a need for the student to be evaluated. (Parent's testimony)

8. On November 14, 2005, the parent signed a consent form for the student to receive initial evaluations for special education. The consent was faxed to IDEA on November 30, 2005, at the telephone number (202) 399-4387.[3] The correspondence was addressed to Col. William Dexter who was the previous principal of the school.[4] (Col. Johnson's testimony) (OB 5)

9. The telephone number (202) 399-4387 is the fax number for IDEA. (Col. Johnson's testimony)

10. Neither Col. Johnson, the school's director nor Col. Dexter, the school's former principal and now Deputy Director, ever received or saw the consent form that was faxed by parent's counsel. (Col. Johnson's testimony, Col. Dexter's testimony)

11. Ms. Deal did not receive or see the consent for evaluation the parent signed until after the due process complaint was filed. Consequently, IDEA never began the special education evaluation process for the student. (Ms. Deal's testimony)

12. IDEA's director was not informed by the parent or any of the student's teachers the student was having academic difficulty or behaviors that would warrant the student being evaluated for special education. (Col. Johnson's testimony)

---

[3] Parent's counsel submitted a fax confirmation page as proof the document had been faxed to and received by IDEA.

[4] At the time the correspondence was faxed Col. Dexter was not the principal of the school, but the Deputy Director. Ms. Blount who was not available to testify at the hearing was the principal at the time the correspondence was faxed.

(In the Matter of OB  DOB 5/24/90  HOD: September 1, 2006)

13. On January 18, 2006, the student was reprimanded and suspended for "providing false information to a school employee." He was suspended from January 18, 2006, until January 24, 2006. (OB 2)

14. On February 24, 2006, the student was again suspended for violating school rules inappropriately downloading computer files. He was suspended from February 24, 2006 until March 2, 2006. (OB 3, 4)

15. The students Stanford Nine testing while he attended Hyde indicated that in approximately half the categories he scored below average and half he scored average. (OB 8)

16. The student received failing grades in his first semester at IDEA in Math, English and Test Taking Skills class. He received passing grades Junior ROTC, Computers, and grade "A" in Work Dynamics and in Art. (OB 9)

17. IDEA's policy is ten unexcused absences in a quarter result in failing a course. The student received failing grades in a number of his classes as a result of tardiness and absences. (Parent's testimony)

18. The student was assaulted at the school in March 2006. As a result the parent withdrew the student from IDEA in March 2006. (Parent's testimony,

## ISSUE(S):[5]

Did IDEA deny the student FAPE by:

1. Failing to provide the parent the student's academic records following a parental request?
2. Failing to identify the student as student with a disability (child find)?
3. Failing to evaluate and determine the student's eligibility for special education services within the required time following a parental request that the student be evaluated?

## CONTENTIONS OF THE PARTIES:[6]

IDEA counsel asserted the following:

1. IDEA indicates the parent must be afforded an opportunity to inspect and review all records.

---

[5] The parent's counsel withdrew some of the issues that were raised in the complaint and the parties agreed on the record the issues to be adjudicated were limited to the issues outlined here.

[6] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

4

(In the Matter of OB  DOB 5/24/90  HOD: September 1, 2006)

2. The right is to inspect the records; not to be provided copies.
3. IDEA never said that if copies were desired IDEA would deny the request.
4. IDEA never received the request for the student to be evaluated.
5. The parent's original due process complaint was dismissed and did not include a copy of the request for the evaluation and the consent form.
6. The document was not faxed and the school never received it.
7. The student's first suspension was for lying and the second for unauthorized downloading software. These suspensions did not warrant the student being evaluated.
8. The SAT nine scores do not indicate any severe discrepancies that would have put the school on notice he needed special education services.
9. The student's grade reports indicate he failed mainly because of excessive absences.

The parent's counsel asserted the following:

1. The student was failing academically and was suspended which should have put IDEA on notice that he was in need of evaluation.
2. The request for evaluation was faxed to IDEA to the correct fax number for the school.
3. In addition, the parent requested the student be evaluated in person.

**CONCLUSIONS OF LAW:**

Pursuant to IDEIA Sec. 1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to 5 DCMR 3030.3, IDEA as its own local educational agency (LEA), bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.[7]

1. Did IDEA deny the student FAPE by failing to provide the parent the student's academic records following the request? Conclusion: IDEA sustained its burden of proof.

IDEAI Section 1415 (b)(1) requires parents be provided an opportunity to examine all records relating to a child with a disability. 34 CFR 300.501 reiterates the requirement that the parent be afforded an opportunity to inspect and review a student's educational records. These provisions, however, do not require that the LEA provide the parent copies of the records. IDEA indicated to parent's counsel a willingness to provide

---

[7] Although the DC Board of Education has finalized rulemaking placing the burden of proof on the individual/entity filing the complaint and seeking relief, that rulemaking was not in effect at the time this complaint was filed.

5

(In the Matter of OB  DOB 5/24/90  HOD September 1, 2006)

accesses and to even provide a limited number of copies of the records free of charge and the remainder at a charge for copies. The Hearing Officer concludes that IDEA met its obligation to make the records available to the parent and there was no denial of FAPE in this regard.

2. Did IDEA deny the student FAPE by failing to provide identify the student as student with a disability (child find)? Conclusion: IDEA sustained its burden of proof.

The evidence does not demonstrate the student displayed academic or behavioral difficulties that would have put IDEA staff on notice the student was perhaps a child with a disability and should have been evaluated. The student's SAT 9 scores which he brought with him to IDEA from Hyde were not remarkably low. The student did not display any disruptive or unusual behaviors in the classroom during his first semester at IDEA and the suspensions that he received in his last few months of attending IDEA were not for behaviors that seem to indicate the student needed to be evaluated for emotional difficulties.

The student's grades at IDEA did not reflect full academic progress. In some classes during his first semester he passed; some he failed. His failing grades, the evidence seems to reflect, were because of his attendance problems given the strict nature of IDEA attendance and tardiness policy. Consequently, the Hearing Officer does not find that there was sufficient evidence presented from which to conclude IDEA staff should have been put on notice to identify, locate and evaluate this student as a child with a disability.

3. Did IDEA deny the student FAPE by failing to evaluate and determine the student's eligibility for special education services within the required time following a parental request that the student be evaluated? Conclusion: IDEA did not sustain its burden of proof.

Although the IDEA staff members who testified all indicated they had never seen the consent form sent by the parent's counsel to the school attached to the request the student be evaluated, the Hearing Officer gives credit to the fact that there was a fax confirmation page attached to the consent form which confirmed the document was sent the school. The document was directed to the principal, albeit the former principal. However, the principal at the time the document was sent was not available to testify to indicate whether she had received the document. More importantly, however, the Hearing Officer credits the parent's testimony that she made a request to the school's special education coordinator that the student be evaluated for special education services. The Hearing Officer concludes based on the evidence the request for evaluation was received by IDEA on November 30, 2005.

Consequently, IDEA had 120 days from that date to evaluate the student and determine if he was eligible as a child with a disability. There is no evidence that IDEA took any action to evaluate the student. The student was withdrawn from the school, however, near or just at the point the 120 days would have expired. Had IDEA at least acted on the evaluation request, by the time the student was withdrawn from the school the

6

In the Matter of CB DOB 5/24/90 HOD: September 1, 2006

evaluations to enable eligibility determination could have been completed. The Hearing Officer concludes that because that process was not promptly initiated and IDEA was not prepared to conduct an eligibility determination of the student 120 days following the request, regardless of the students continued attendance, the student was denied FAPE. Thus the student has to now await the evaluation process anew at whatever school he will attend during school year (SY) 2006-07.

The Hearing Officer therefore, concludes that equity warrants the parent be allowed to obtain initial evaluations independently with IDEA funding in order to expedite a process that should have been initiated if not completed at IDEA prior to the student's departure from the school.

## ORDER:

IDEA PCS shall fund and the parent shall obtain the following independent evaluations consistent with the DCPS Superintendent's cost guidelines: psycho-educational, speech/language and social history.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

_____
Coles B. Ruff, Esq.
Hearing Officer
Date: September 1, 2006

Issued: 9/6/06

7

(In the Matter of OB  DOB 5/24/90  HOD: September 1, 2006)

# In the MATTER OF Omar Barnes V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| OB 1-19 | Parent's Disclosures | Yes |
| IDEA PCS 1-14 | DCPS Disclosures | Yes |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |

8

(In the Matter of OB  DOB 5/24/90  HOD: September 1, 2006)

# In the MATTER OF Omar Barnes V. DCPS

## RECORD OF PROCEEDING

| DATE   | DESCRIPTION                                       |
|--------|---------------------------------------------------|
| 5/3/06 | Request for Due Process                           |
|        | Notice of Pre-Hearing Conference (as applicable)  |
|        | Notice of Due Process Hearing                     |
|        | SETS Disposition Form                             |
|        | Transcripts or audio tapes of hearing             |

(In the Matter of OB  DOB 5/24/90  HOD: September 1, 2006)

# INDEX OF NAMES

## In the MATTER OF Omar Barnes V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| IDEA PCS Special Education Coordinator | Ms. Portia Deal |
| School Psychologist | |
| Regular Education Teacher | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Brigitte Barnes (Mother) |
| Child/Parent's Representative | Tamika Jones, Esq. |
| School System's Representative | |
| Parent's Educational Advocate | |
| IDEA Public Charter School Representative | William Houston, Esq. |
| IDEA PCS Director | Col. Norman Johnson |
| IDEA PCS Deputy Director | Col. William T. Dexter |

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

06 1915
EGS

**I (a) PLAINTIFFS**

INTEGRATED DESIGN AND ELECTRONICS ACADEMY PUBLIC CHARTER SCHOOL

**DEFENDANTS**

BRIGITTE BARNES, as next friend mother of the minor child, O.B.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — DC 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William E. Houston, Esq.
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300(O)

CASE NUMBER   1:06CV01915
JUDGE: Emmet G. Sullivan
DECK TYPE: Civil Rights (non-employment)
DATE STAMP: 11/09/2006

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP** (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
- [ ] 410 Antitrust

**○ B. Personal Injury/Malpractice**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**   OR   **○ F. Pro Se General Civil**

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 et seq and 28 U.S.C. §§ 2201 and 2202.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE November 9, 2006   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.